IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **GARETT LUCYK**, individually and on behalf of all other similarly situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>**MATERION BRUSH INC.** and **MATERION CORPORATION**,<br><br>    Defendants. | Case No.: 3:20-cv-02340-JJH<br><br>District Judge Jeffrey J. Helmick |

**PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT,
APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL, AND
CERTIFICATION OF SETTLEMENT CLASS**

Plaintiff Garett Lucyk ("Plaintiff") states as follows for his Unopposed Motion for Preliminary Approval of Settlement, Appointment of Class Representative and Class Counsel, and Certification of Settlement Class:

1.   On October 14, 2020, Plaintiff filed this class and collective action lawsuit against Materion Brush Inc., and Materion Corporation (collectively "Defendants") alleging violations of the Fair Labor Standards Act (FLSA), the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Act"), the Ohio Prompt Pay Act, for breach of contract, and for unjust enrichment. In his detailed (179 paragraph) Complaint, Plaintiff articulated a systematic and routine deprivation of wages that stems from unpaid donning and doffing time before and after each work shift. (ECF No. 1).

2.   On November 16, 2020, Defendants filed their Answer, which denied all of Plaintiff's allegations of unpaid work. Further, Defendants asserted 24 affirmative defenses,

including, among others: that Plaintiff and the putative class members were paid for all worked performed, that any alleged off-the-clock work must be offset by Defendants' payments to Plaintiff and the putative class for non-compensable work time, and that the donning and doffing tasks are not compensable because they are performed preliminary and postliminary to Plaintiff and the putative class members' principal work activities. (ECF No. 9).

3. Over the next several months, the Parties conducted numerous meet and confer conferences regarding Plaintiff's claims and imminent pre-discovery motion for conditional certification, pursuant to 29 U.S.C. § 216(b). Ultimately, and after the voluntary exchange of substantial discovery including class wide pay and time records, the Parties decided to attend mediation.

4. The Parties attended mediation in March 2022. Although unable to reach resolution, the Parties did exchange good faith offers/demands and made some progress to resolution.

5. On April 18, 2022, Plaintiffs filed their Motion for FLSA Conditional Certification. On August 2, 2022 the Court entered an order authorizing notice to the Production Employees who worked at Defendants' Elmore, Ohio location since June 15, 2018. (ECF No. 32).

6. Following the conditional certification order, the Parties decided to attend another mediation prior to issuance of notice to the FLSA Collective members. As part of that agreement, Defendants produced supplemental time and pay records (through September 30, 2022).

7. On November 17, 2022, the Parties attended a private mediation with well-respected wage and hour mediator Michael Russell of Nashville, Tennessee.

8. After a full day of mediation, the Parties were able to reach an agreement. Over the next several weeks, the Parties negotiated and finalized the long-form settlement agreement, which is now before the Court for preliminary approval.

9. For the reasons set forth in this unopposed Motion, Plaintiff respectfully submits to the Court that the Settlement Agreement attached with the Memorandum in Support of this Motion is fair, reasonable, and in the best interest of the Plaintiff and the Settlement Class. Accordingly, Plaintiff requests that the Court grant preliminary approval of the Settlement Agreement, certify the proposed Settlement Class, and approve the incentive awards, attorneys' fees, and litigation expenses provided under the Parties' settlement.

Dated: December 29, 2022

Respectfully Submitted,

/s/ Kevin J. Stoops
Kevin J. Stoops (admitted *pro hac vice*)
Jesse L. Young (admitted *pro hac vice*)
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
Telephone: 248-355-0300
kstoops@sommerspc.com
jyoung@sommerspc.com

*Counsel for Plaintiff and the Class Members*

## CERTIFICATE OF SERVICE

I certify that on December 29, 2022, I electronically filed the forgoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ Kevin J Stoops
Kevin J. Stoops