UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Garett Lucyk, *individually and on behalf of all other similarly situated individuals,*

        Plaintiffs,

v.

Materion Brush Inc., *et al.*,

        Defendants.

Case No. 3:20-cv-2340

ORDER

The Court reviewed the unopposed motion for Preliminary Approval of Settlement, Appointment of Class Representative and Class Counsel, and Certification of Settlement Class, (Doc. No. 40), and finds as follows:

1. All initial-capped terms contained herein, unless otherwise defined, shall have the same definitions as set forth in the Settlement Agreement, which is attached as Exhibit A to Plaintiff's unopposed motion. (*See* Doc. No. 40-2). The Settlement Agreement sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of this matter.

2. For settlement purposes only and for no other purpose and with no other effect on this litigation, this Court certifies that the Settlement Class Members meet the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

3. After consideration of the factors set forth in Rule 23(e), this Court finds that, for purposes of preliminary approval, the proposed Settlement Agreement is a fair, reasonable, and adequate resolution of disputed claims under the Fair Labor Standards Act ("FLSA") and the Ohio wage and hour laws. Therefore, this Court grants preliminary approval of the proposed Settlement.

4. This Court finds the Settlement Agreement is the result of good faith, arms-length negotiations conducted after counsel for both sides were able to reasonably evaluate their respective positions. Additionally, the assistance of an experienced mediator in the settlement process supports the Court's conclusion that the settlement is non-collusive. The Court finds on a preliminary basis that the Settlement is within the range of reasonableness and could ultimately be given final approval by this Court.

5. This Court appoints Plaintiff Garett Lucyk as Class Representative to represent the Settlement Class Members for settlement purposes only.

6. This Court appoints Kevin J. Stoops of the law firm Sommers Schwartz, P.C. as Class Counsel for the Settlement Class Members for settlement purposes only.

7. This Court appoints Simpluris, Inc. as Settlement Administrator and preliminarily approves the allocated Settlement Administration Costs.

8. This Court approves the form and substance of the Notice (Doc. No. 40-4), as well as the procedure set forth in the Settlement Agreement for providing notice to potential Settlement Class Members as valid, due, and sufficient notice pursuant to Rule 23.

9. This Court approves the following procedure and timeline:

   a. Defendants shall provide the Settlement Administrator with the Class Information for purposes of mailing Notice Packets to Class Members no later than 14 calendar days after entry of this Order;

   b. The Notice Packet shall be distributed by the Settlement Administrator via U.S. Mail no later than 14 calendar days after receipt of the information at subsection (a);

   c. The Notice will inform Class Members of their right to request exclusion from the Settlement and the procedure for doing so;

d. The Notice will inform Class Members that unless they submit the Request for Exclusion within 45 days after the mailing of the Notice, they will become Settlement Class Members;

e. The Notice will inform Class Members of their right to object to the Settlement and the procedure for doing so;

f. The Notice shall include a general explanation for how the Individual Settlement Amounts will be calculated;

g. If any Notice mailed to any Class Member is returned as undeliverable, the Settlement Administrator will attempt one trace to locate a correct address and, if located, will make a second attempt at mailing the Notice.  If the Notice is again return as undeliverable, no further attempts at delivery will be necessary;

h. The Settlement Administrator shall maintain a log detailing the instances when Notice was returned as undeliverable and any subsequent actions taken by the Settlement Administrator.  The re-sending of the Notice will not extend the deadline for objecting to or requesting exclusion from the Settlement;

i. Class Counsel shall file a Motion for Approval of Attorney's Fees, Litigation and Settlement Administration Expenses, and Class Representative Incentive Awards no later than 14 days prior to the objection deadline;

j. Class Counsel shall file a Motion for Final Approval of the Settlement no later than 7 days prior to the Final Approval Hearing, accompanied by a Declaration from Simpluris Inc. verifying that the Notice was properly and timely distributed to the Class Members;

k. The Court will hold a Final Approval Hearing on July 6, 2023, at 9:00 a.m. The hearing will be held in Courtroom 204 of the James M. Ashley and Thomas

3

> W.L. Ashley U.S. Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio, 43604. The Court reserves the right to adjust the date of the Final Approval Hearing and related deadlines without further notice to the Settlement Class Members.

10. All proceedings and all litigation of the Action, other than those pertaining to the administration of the Settlement, are stayed pending the Final Approval Hearing.

11. The preliminary approval of the Settlement and the certification of the Settlement Class are conditional and shall be vacated if the Settlement Agreement is terminated or disapproved in whole or in part by the Court, or any appellate court, or any other court of review. In which event the Settlement Agreement shall not be offered, received, or construed as an admission or as evidence for any purpose.

12. In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be null and void, and shall be vacated with the parties to revert back to their respective positions before entering into the Settlement Agreement. The Court's findings are for purposes of certifying a settlement class and to settle the matter. Thus, they shall not have any claim or issue preclusion or estoppel effect in any other action against Defendants, or in this action, if the Settlement is not finally approved.

Accordingly, I grant unopposed motion for Preliminary Approval of Settlement, Appointment of Class Representative and Class Counsel, and Certification of Settlement Class. (Doc. No. 40).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4